**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF J. RUTTER GROSS A/K/A JAY RUTTER GROSS A/K/A JAY R. GROSS | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: CHRISTINE A. FOURHMAN AND RICHARD K. FOURHMAN, II | : : : : | |
| | : | No. 1305 MDA 2019 |

Appeal from the Order Entered August 5, 2019
In the Court of Common Pleas of York County Orphans' Court at No(s):
6710-1224

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 03, 2020**

Christine A. Fourhman ("Christine")[1] appeals from the order, entered in the Court of Common Pleas of York County, dismissing her petition to remove the administrator d.b.n.c.t.a. and appoint an independent administrator. We affirm.

J. Rutter Gross ("Decedent") died on August 11, 2010.  In his will, he named Christine as executrix and also devised to her two parcels of real property ("Properties"), known as "Rock Creek" and "School House."  The

_____

[1] Although Richard K. Fourhman, II ("Richard"), is named as a party to this appeal, the Orphans' Court determined that he lacked standing to seek removal of the administrator d.b.n.c.t.a., as he is neither a beneficiary nor a creditor of the decedent's estate. **See** Trial Court Order, 8/14/18.  Richard appealed that order, but this Court quashed that appeal after Richard failed to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. **See** Order, 2/25/19.  Accordingly, the court's determination as to the issue of standing is final and we, therefore, dismiss Richard as a party to this appeal.

residue of the estate was given in equal shares to eleven other individuals ("Residuary Beneficiaries").

On October 19, 2015, the Orphans' Court removed Christine as executrix based, *inter alia*, on her mismanagement of the estate. The court appointed MacGregor J. Brillhart, Esquire, as administrator d.b.n.c.t.a. and directed him to file an account. In his account, Attorney Brillhart requested that Christine be surcharged for various actions and inactions during her tenure as executrix. The Residuary Beneficiaries joined Attorney Brillhart's request, and sought additional surcharges. Following a hearing, the court imposed an initial surcharge in the amount of $16,327.01 upon Christine. She filed an appeal to this Court, which was dismissed. Following further proceedings, the court imposed a final surcharge upon Christine in the amount of $240,614.39, inclusive of the initial surcharge amount. The court further directed Attorney Brillhart to "take such steps with respect to Rock Creek and School House as may be necessary to insure such surcharged amounts become available to properly fund the residuary estate for the benefit of all beneficiaries of the estate." Interim Adjudication, 2/27/18, at 28. On February 28, 2018, the court issued an "Order Supplementing Interim Adjudication" in which it precluded Christine from encumbering or disposing of either property and imposed a constructive trust on both properties in favor of the estate. Christine appealed neither of these orders.

On June 1, 2018, Attorney Brillhart filed a petition for eviction and possession of the Properties and, on July 23, 2018, the court issued an order

evicting Christine from the Properties. The order also authorized Attorney Brillhart to sell the Properties to satisfy the surcharges. On August 22, 2018, Attorney Brillhart filed a praecipe for writ of possession, which was issued on that same date.

On September 19, 2018, Christine filed a petition to remove Attorney Brillhart as administrator d.b.n.c.t.a. The court denied the petition on September 21, 2018. Christine filed an appeal, which was quashed by this Court on February 25, 2019.

Christine filed a second petition to remove Attorney Brillhart on May 31, 2019. On June 11, 2019, the York County Sheriff's Office issued a notice of possession scheduling Christine's eviction from Rock Creek. The following day, the court issued an order scheduling a hearing on Christine's petition to remove Attorney Brillhart. On June 18, 2019, Attorney Brillhart filed an answer and new matter to Christine's petition to remove, which the Residuary Beneficiaries joined.

On June 25, 2019, Christine filed a "Petition For Stay of Issuance of Writ of Execution [*sic*]." That same day, the court granted the stay, in part, conditioned upon Christine's monthly deposit with the Prothonotary of the sum of $1,600.00, which the court determined to be the fair market monthly rental value of the property. The first such deposit was to be made within three days of the date of the order, and monthly thereafter, during the pendency of Christine's petition to remove Attorney Brillhart as administrator d.b.n.c.t.a. On July 2, 2019, Christine and Richard, in his capacity as co-occupant of the

property, filed a notice of appeal to this Court regarding the order granting the stay.[2] Christine failed to deposit the court-ordered rental payment with the Prothonotary and, on July 5, 2019, the sheriff again issued a notice of possession.

After a hearing held on August 5, 2019, the court denied Christine's petition to remove Attorney Brillhart, vacated the stay imposed by the June 25, 2019 order, and directed Attorney Brillhart to take all necessary steps to remove the Fourhmans from the Rock Creek property and to satisfy the surcharge imposed against Christine. On August 7, 2019, Christine filed a timely notice of appeal of the court's August 5, 2019 order.

Christine raises eighteen separate issues in her statement of questions involved. However, the only question properly before this Court is whether the Orphans' Court abused its discretion in denying Christine's petition to remove the administrator d.b.n.c.t.a.[3] ***In re Estate of Mumma***, 41 A.3d 41,

---

[2] On January 16, 2020, this Court dismissed as moot Christine's appeal of the June 25, 2019 order. ***See*** Judgment Order, 1084 MDA 2019 (Pa. Super. filed Jan. 16, 2020).

[3] In her statement of questions involved, Christine raises issues regarding the court's conduct of the August 5, 2019 hearing and the accuracy of the transcription thereof, alleged partiality on the part of the court, and the historical significance of the School House property. ***See*** Statement of Questions Involved, ¶¶ 1-[6], [14], [15]. These claims are waived for failure to timely raise them in the trial court. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Christine also raises claims relating to the surcharge order issued on February 27, 2018, as well as the July 23, 2018 order evicting her from the Properties and granting Attorney Brillhart possession thereof. ***See***

- 4 -

49 (Pa. Super. 2012) (removal of personal representative is matter vested in sound discretion of trial court and we disturb such determination only upon abuse of discretion).

Section 3182 of Pennsylvania's Probate, Estates and Fiduciaries Code ("PEF Code") provides that Orphans' Courts have the "exclusive power to remove a personal representative" when he "mismanage[s] the estate . . . or has failed to perform any duty imposed by law" or "when, for any other reasons, the interests of the estate are likely to be jeopardized by his continuance in office." 20 Pa.C.S.A. § 3182(1), (5).

In her petition to remove the administrator d.b.n.c.t.a., Christine alleged numerous instances of "improper conduct" on the part of Attorney Brillhart, including failure to pay estate bills, failure to have the School House property reassessed "despite knowledge that the value of the property has significantly decreased," failure to properly maintain estate property, and conflict of interest regarding the School House property. Petition to Remove, 5/31/19, at ¶ 14. Christine also alleged that Attorney Brillhart had "failed in his responsibility to ensure that specific performance of the testaments have been followed," i.e., that he had not transferred the Properties to her pursuant to the specific devises contained in the will. *Id.* at ¶ 19. Finally, Christine alleged that Attorney Brillhart had "failed in his duty to dismiss the [f]ormal

---

Statement of Questions Involved, at ¶¶ [9], [10], and [17]. These claims are waived for failing to timely appeal those orders. *See* Pa.R.A.P. 903 (notice of appeal required by Rule 902 shall be filed within 30 days after entry of order from which appeal taken).

[a]ttorney of [r]ecord, Scott Harper, which has resulted in significant monetary and collateral damage" to Christine. *Id.* at 20.

At the hearing on her petition to remove, Christine presented testimony from her son, Michael S. Fourhman, and her husband, Richard. Both witnesses testified that Attorney Brillhart had paid certain estate bills untimely, which resulted in the assessment of penalties and fines against the estate. They also testified that Attorney Brillhart had neglected the School House property, and failed to have that property reassessed based on an updated appraisal in order to save the estate money in taxes. Christine presented no documentary evidence in support of her claims.

In response, the Residuary Beneficiaries presented the testimony of Attorney Brillhart. He testified that sewer bills for the Properties had been sent to Christine, who did not forward them to him. He stated that he paid the bills and updated the mailing address immediately upon finding out about them and testified that the bills were current as of the date of the hearing. *See* N.T. Hearing, 8/5/19, at 46. Regarding the reassessment of the School House property, Attorney Brillhart testified that he had an appraisal performed in February 2019, which showed a value of $81,000.00. That value actually represented a 10% increase in value since the prior appraisal, performed during Christine's tenure as executrix in 2011. *See id.* at 51. Attorney Brillhart testified that he did not seek a reassessment of the property—which he calculated would have saved the estate $1,200.00 annually—because both of the Properties were to be sold to satisfy the surcharge levied against

Christine by the court. He further stated that the only reason the Properties had yet to be sold was because the Fourhmans continued to live in them, despite Attorney Brillhart's repeated court-sanctioned efforts to evict them. *See id.* at 52-53.

With respect to the alleged damage to the School House property, Attorney Brillhart testified that he asked Christine for the keys to the property, but she "refused [his] request, stating that she received the [P]roperties under the will." *Id.* at 55. Attorney Brillhart was thus denied access to the School House property until he ultimately resorted to hiring a locksmith to change the locks. *See id.* at 55-56. As to Christine's allegation that he has a "personal interest" in the estate, Attorney Brillhart testified that he had no such interest and that he had nothing to gain by the sale of the Properties. *See id.* at 56. ("Q: You don't stand to gain any money by sale or leveling [the property] or anything of that nature? A: In fact, I would cease to be paid if they would vacate the property."). With regard to Christine's claim that he had failed to distribute her specific devises under the will, Attorney Brillhart testified that the court had directed the Properties be sold to satisfy Christine's surcharge. As to his alleged failure to discharge Attorney Harper, Attorney Brillhart testified that Christine had employed Attorney Harper during her tenure as executor and that any damages she claims to have sustained would be between her and Attorney Harper. *See id.* at 57. Finally, Attorney Brillhart testified that the School House property was in poor condition when he took over as administrator and he "made a judgment call that, given the value of

the property, . . . it wasn't beneficial to the [Residuary Beneficiaries] to expend . . . residuary dollars to improve an asset that was in poor condition." *Id.* at 58. He stated that he was seeking the highest possible sale price and that he had two potential interested buyers. *See id.*

At the conclusion of the hearing, the court engaged in the following exchange with Christine:

> THE COURT: . . . Here[ are] the grounds for removal. There is only one ground for removal that applies to this case, and it's a very heavy burden. You have the burden to prove that [Attorney] Brillhart has been wasting or mismanaging the estate, or that the estate is likely to become insolvent, or he has failed to perform a duty imposed by law.
>
> Please confine your [closing] statement to what you believe you have proven here today to justify the [c]ourt finding that [Attorney] Brillhart has wasted or mismanaged the estate, that the estate is likely to become insolvent, or that he has failed to perform a duty imposed by law.
>
> [CHRISTINE]: I don't have an answer for that at this time, Your Honor.
>
> THE COURT: Then I think we are adjourned, and the motion needs to be dismissed because you haven't proven your case, and you just acknowledged it here in your closing statement.

*Id.* at 68-69.

Upon review of the testimony adduced in this matter, we can discern no abuse of discretion on the part of the Orphans' Court in concluding that Christine failed to satisfy her burden to demonstrate grounds for removal under section 3182 of the PEF Code. Christine's evidence consisted of nothing more than the self-serving testimony of her son and husband, the latter of

- 8 -

whom purports to be a party to this matter. Christine provided no documentary evidence to show waste or mismanagement and, in fact, admitted that she could not provide any justification for removal of Attorney Brillhart under the standard set forth in section 3182. ***See id.*** Accordingly, we affirm the Orphans' Court dismissal of Christine's petition to remove the administrator d.b.n.c.t.a.

Order affirmed. Application for Relief denied.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/03/2020